IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ALEXANDER SINK, Individually and as Personal Representative of the Estate of HEATHER YEATS-SINK, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> AIR & LIQUID SYSTEMS CORPORATION successor by merger to BUFFALO PUMPS, INC., <br><br> ANCHOR DARLING VALVE COMPANY, <br><br> AURORA PUMP COMPANY, <br><br> BLACKMER PUMP COMPANY, <br><br> BW/IP, INC. f/k/a Byron Jackson Pump Company <br><br> CARVER PUMP COMPANY, <br><br> CRANE CO. (sued individually and as successor-in-interest to COCHRANE CORPORATION and as successor-in-interest to DEMING PUMP COMPANY), <br><br> FLOWSERVE US, INC., solely as successor-in-interest to EDWARD VALVES, <br><br> GENERAL ELECTRIC COMPANY, <br><br> IMO INDUSTRIES, INC., (sued individually and as successor-in-interest to DELAVAL TURBINE, INC. and as successor to C.H. WHEELER MANUFACTURING COMPANY), <br><br> JOHN CRANE INC., | Civil Action No. 2:22-cv-1316-BHH <br><br> **PERSONAL INJURY** <br> (Mesothelioma) <br><br> **COMPLAINT** <br><br> (Wrongful Death, Survival & Consortium) <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| VELAN VALVE CORP., | ) |
| | ) |
| VIACOMCBS INC., n/k/a PARAMOUNT GLOBAL, f/k/a CBS Corporation, a Delaware corporation f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation f/k/a Westinghouse Electric, | ) ) ) ) ) ) |
| | ) |
| VIKING PUMP, INC., | ) |
| | ) |
| WARREN PUMPS, LLC, | ) |
| | ) |
| WEIR-VALVES & CONTROLS USA, INC., d/b/a ATWOOD & MORRILL CO., INC., | ) ) |
| | ) |
| Defendants. | ) |

NOW COMES Plaintiff ALEXANDER SINK, Individually and as Personal Representative of the Estate of HEATHER YEATS-SINK, deceased ("Decedent"), citizen and resident of the State of Michigan, and sue the Defendants and alleges as follows:

## JURISDICTION

1. That as is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the Defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long Arm Statute, as well as the due process clause of the United States and South Carolina Constitutions.

Each Defendant mined, manufactured, processed, imported, converted, compounded, supplied and/or retailed substantial amounts of asbestos and asbestos-related materials/products which were sold, distributed and used in South Carolina.

Decedent, HEATHER L. YEATS, ("Decedent") was exposed to take-home asbestos from various asbestos-containing products that her Step-Father worked with and around, the dust from which gather on his work clothes that he wore while serving as a machinist repairman aboard the USS WAINWRIGHT (DLG/CG-28), which was home ported at the Charleston Naval Shipyard in North Charleston, South Carolina.

2

Decedent was also directly and indirectly exposed to asbestos from various defendants' products in Virginia.

That mesothelioma is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to Decedent's contraction of her mesothelioma by breathing dust from Defendants' asbestos-containing products that gathered on her Step-Father's work clothes.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Venue of this action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(a) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

## FOR A FIRST CAUSE OF ACTION

2. Defendants, and each of them, are or at times relevant hereto, were miners, manufacturers, processors, importers, converters, compounders, suppliers and/or retailers of asbestos and asbestos-related materials/products including, but not limited to, asbestos-containing Anchor Valves, Aurora Pumps, Buffalo Pumps, Carver Pumps, CH Wheeler Air Ejectors, Cochrane Deaerating Feed Tanks, Crane Valves, DeLaval Pumps, Deming Pumps, General Electric Generators, Velan Valves, Edward Valves, Atwood & Morrill Valves, Viking Pumps, Warren Pumps, Westinghouse Exhaust Fans, John Crane Gaskets and Packing.

3. The Defendants, acting through their agents, servants, and/or employees cause and have caused in the past certain asbestos and asbestos-related materials/products to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials/products came into use by Decedent's Step-Father, the dust from which gathered on his work clothes and exposed Decedent to asbestos.

4. Decedent's Step-Father, James Julian ("Mr. Julian"), served as a machinist repairman aboard the USS Wainwright (DLG/CG-28), which was home ported at the Charleston Naval Shipyard in North Charleston, South Carolina. Mr. Julian worked with and/or around, and was exposed to the asbestos and asbestos-related materials/products mined, manufactured, processed, imported, converted, compounded, supplied, and/or sold by the Defendants, the dust from which gathered on his work clothes and exposed Decedent to asbestos. Some of Mr. Julian's exposure taking place within the State of South Carolina.

5. During the course and scope of Mr. Julian's employment, he was exposed to dust from Defendants' asbestos and asbestos-related materials/products, which he then unknowingly took home to his Step-Daughter on his clothing and person. This secondary exposure directly and proximately caused Decedent HEATHER YEATS to develop an illness known and designated as mesothelioma caused by breathing dust from Defendants' asbestos and asbestos-containing materials/products.

6. The illness and disability of Decedent, as well as her death, are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials/products which the Defendants, and each of them, knew were deleterious, poisonous and highly harmful to Decedent's body, lungs, respiratory system, skin and health.

7. The illness and disability of Decedent, as well as her death, are the direct and proximate result of the negligence, recklessness, and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials/products were deleterious, poisonous and highly harmful to Decedent's body, lungs, respiratory system, skin and health, and the Defendants nonetheless:

(a) Failed to advise Decedent and her Step-Father of the dangerous characteristics of their asbestos and asbestos-related materials/products;

(b) Failed or omitted to provide Decedent and her Step-Father with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect her from being poisoned and disabled as she was by exposure to such deleterious and harmful asbestos-related materials/products;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-related materials/products to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-related materials/products;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-related materials/products;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Decedent and her Step-Father, of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials/products, even after they knew of the dangers and cancer-causing effects and up until the present time;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer-causing product, to wit: asbestos;

At all times relevant, it was feasible for Defendants to have warned Decedent and her Step-Father, tested their asbestos-related materials/products, designed safer asbestos-related materials/products and/or substituted asbestos-free materials/products.

As a result of the negligence, recklessness and willfulness of Defendants, Decedent was damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8. Plaintiff repeats the allegations of the First Cause of Action where relevant.

9. That subsequent to the time the Defendants caused the asbestos and asbestos-related materials/products to be sold and/or supplied and placed in buildings and on jobsites, the Defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using it in buildings or on jobsites, but nevertheless, the Defendants negligently and recklessly failed and refused to warn and advise Decedent and her Step-Father of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing asbestos and asbestos-related materials/products even until the present, despite their knowledge of the presence of their asbestos and asbestos-related materials/products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the Defendants refused to provide that information to Decedent and her Step-Father, despite the Defendants' knowledge that their asbestos and asbestos-related materials/products have contaminated Decedent's Step-Father's buildings and jobsites, the dust from which gathered on Decedent's Step-Father's clothing and exposed Decedent to asbestos.

10. Decedent furthermore suffered continuing and lingering injury to herself and death due to the Defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to Decedent.

11. That as a proximate result of the aforesaid acts of the Defendants, and the continued presence of asbestos and asbestos-related materials/products in buildings and on jobsites, Decedent was damaged as herein set forth.

## FOR A THIRD CAUSE OF ACTION

12. Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13. The Defendants, and each of them, impliedly warranted that said asbestos and asbestos-related materials/products were of good and merchantable quality and fit for their intended use.

14. The implied warranty made by the Defendants, and each of them, that the asbestos and asbestos-related materials/products were of good and merchantable quality and for the

particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein Decedent's Step-Father carried out his duties as a machinist repairman working with asbestos and asbestos-related materials/products, the dust from which gathered on his work clothes and exposed Decedent to asbestos.

15.     As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent developed an illness, to-wit, mesothelioma, caused by breathing Defendants' asbestos and asbestos-related materials/products and subsequently died from this disease.

## FOR A FOURTH CAUSE OF ACTION

16.     Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

17.     Plaintiff further alleges that at the time the Defendants, and each of them, sold and/or delivered the aforesaid asbestos and asbestos-related materials/products and at the time said products were used by Decedent's Step-Father in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to Decedent's body.

18.     Plaintiff further alleges that at the time the Defendants sold and/or delivered the aforesaid asbestos and asbestos-related materials/products, the products were used by Mr. Julian in the manner and environment intended, they were in a defective condition, and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to all who would later come into contact with his person and/or clothing. The above was the proximate cause of the severe damages sustained by Decedent as hereinafter set forth.

The above was the proximate cause of the severe damages sustained by Decedent as hereinafter set forth.

## FOR A FIFTH CAUSE OF ACTION

19.     Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

20.     That at various times from 1929 to the filing of this lawsuit, Defendants had actual knowledge of the dangers to Decedent of asbestos exposure; nevertheless, Defendants deliberately, intentionally and purposefully withheld such information from Decedent and Decedent's Step-Father, thus denying Decedent of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of Defendants' intentional acts being as follows:

(a) Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b) Never issued recall-type letters or notices to prior users;

(c) Frustrated the publication of articles on the asbestos health hazards in the literature;

(d) Top management officials of Defendants rejected advice of other corporate officials to warn of the hazards of their asbestos and asbestos-related materials/products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e) Intentional inadequacy and delay of use of warnings on asbestos and asbestos-related materials/products;

(f) Failed to advise Decedent and Decedent's Step-Father of medical findings known to Defendants concerning the dangers of asbestos exposure;

(g) Suppressed the dissemination of information to Decedent and Decedent's Step-Father concerning the hazards of asbestos exposure.

21. The foregoing deliberate, intentional and purposeful acts of the Defendants were the direct and proximate cause of Decedent's injuries and damages hereinafter described, and Plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

22. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

23. That during, before and after Decedent's exposure to asbestos and asbestos-related materials/products manufactured by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure to Decedent and Decedent's Step-Father in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Decedent, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

24. The foregoing representations were material conditions precedent to Decedent's continued exposure to asbestos and asbestos-related materials/products and Defendants each intended that Decedent act upon the representations by continuing her exposure to the asbestos and asbestos-related materials/products. Decedent and Decedent's Step-Father were ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

25. As a direct and proximate result of Decedent's and Decedent's Step-Father's reliance upon Defendants' false representations, Decedent suffered injury and damages hereinafter described.

### FOR A SEVENTH CAUSE OF ACTION

26. Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

27. The Defendants had a post-sale duty to warn, which duty was breached and, as a result, Decedent suffered injury and damages as hereinafter described.

### FOR AN EIGHTH CAUSE OF ACTION
### (WRONGFUL DEATH)

28. Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

29. As a result of the development of mesothelioma caused by breathing Defendants' asbestos and asbestos-related materials/products, Decedent suffered and sustained very serious injuries to her person requiring medical treatment, and ultimately death.

30. Plaintiff alleges that as a result of the aforesaid wrongful death of Decedent, Decedent's beneficiaries have and will suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of use and comfort of Decedent's society, all both past and future; and funeral expenses, all to the beneficiaries actual and punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays judgment, joint and several, against the Defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and the costs of this action.

### FOR A NINTH CAUSE OF ACTION
### (CONSORTIUM)

31. Plaintiff repeats the allegations of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action where relevant.

32. As a direct and proximate result of the injuries and damages complained of herein with respect to HEATHER YEATS-SINK, and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff ALEXANDER SINK has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of his wife.

33.     WHEREFORE, Plaintiff ALEXANDER SINK verily believes that he is entitled to actual damages against the Defendants, jointly and severally, by reason of said loss of consortium and society, proximately caused by the fault of the Defendants, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

35.     For a trial by jury and judgment against the Defendants, jointly and severally, for such sums as actual and other compensatory damages in an amount as a jury may determine;

36.     For exemplary and punitive damages against Defendants in an amount as a jury may determine to halt and deter such conduct;

37.     For the costs of this suit, including attorneys' fees, expenses, and interest; and

38.     For such other and further relief to which Plaintiff may be entitled and as this Honorable Court may deem just and proper.

WHEREFORE, Plaintiff seeks judgment against all Defendants for actual, compensatory, punitive damages and all other allowable damages in amounts to be determined by the trier of fact, and costs.

Respectfully submitted this 25th day of April 2022.

                        MOTLEY RICE LLC

                        *s/ W. Christopher Swett*
                        W. Christopher Swett (Fed. Bar No. 11177)
                        28 Bridgeside Blvd. (29464)
                        PO Box 650001
                        Mt. Pleasant, SC 29465
                        Phone: 843-216-9000
                        Fax: 843-216-9450
                        cswett@motleyrice.com

                        ATTORNEY FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that on April 25, 2022, a copy of the foregoing was served electronically on attorneys for Defendants via the Court's electronic filing system.

    MOTLEY RICE LLC

    *s/ W. Christopher Swett*
    W. Christopher Swett (Fed. Bar No. 11177)
    28 Bridgeside Blvd. (29464)
    PO Box 650001
    Mt. Pleasant, SC 29465
    Phone: 843-216-9000
    Fax: 843-216-9450
    cswett@motleyrice.com

    ATTORNEY FOR THE PLAINTIFF